UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>   v.<br><br>FRANCISCO CARDONA-RODRIGUEZ,<br><br>           Defendant. | Case No. 1:10-cr-00221-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is pro se Defendant Francisco Cardona-Rodriguez's Motion to Clarify Judgment (Dkt. 156). Having reviewed Defendant's Motion and being familiar with the record, the Court will deny the Motion for the reasons stated below.

## BACKGROUND

In December 2011, Defendant pleaded guilty to Conspiracy to Distribute a Controlled Substance. Defendant was sentenced to 37 months in prison; but the Court's Judgment provided a recommendation to the Bureau of Prisons that "the defendant be given credit for all time served." *Judgment*, Dkt. 138. According to Defendant, he was not credited for time between March 9 and June 18, 2011, when he was in the U.S. Marshal's custody, pending disposition of his case before this Court. Defendant states that he requested an administrative remedy under the PLRA, but was denied because – he was told – his time on writ to the U.S. Marshal's is not credited as time served. *Motion*,

MEMORANDUM DECISION & ORDER - 1

Dkt. 156. Defendant now asks for clarification that his time under U.S. Marshal custody counts as time served toward his 37 month prison term.

## ANALYSIS

Preliminarily, the Court notes that the Judgment did not explicitly credit the Defendant with time served. Rather, it was stated only as a recommendation to the Bureau of Prisons. This procedure is followed, because "[c]redit for time served is . . . a matter which generally falls within the province of the Bureau of Prisons under 18 U.S.C. § 3585(b)." *U.S. v. Drake*, 49 F.3d 1438, 1440 (9th Cir. 1995).

More significantly, this action is filed in the wrong district. Generally, a prisoner may challenge his sentence under 28 U.S.C. § 2255. But where a prisoner argues he is entitled to credit against his sentence for time spent in custody prior to sentencing, he is challenging the execution of his sentence rather than the sentence itself. *U.S. v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984). In such circumstances, the prisoner must petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Id.* The Supreme Court has held that a writ under § 2241 must issue from the court with jurisdiction over the prisoner's custodian. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 495 (1973); *see also Brown v. U.S.*, 610 F.2d 672, 677 (9th Cir. 1980).

Defendant here did not identify §§ 2255, 2241, or any other legal basis for his Motion. Defendant asks the Court to clarify that his credit for time served, outlined in the Judgment, should include credit for his time in the U.S. Marshal's custody, prior to sentencing. As the Ninth Circuit found in *Giddings*, this issue concerns the execution of

Defendant's sentence. 740 F.2d at 772. As such, it is properly raised under § 2241. Id.

A petition under § 2241 must be raised to the district court in the district where defendant is confined. *Brown*, 610 F.2d at 677. According to Court records, that district is in Ohio, and not Idaho.

For these reasons, the Court will deny Defendant's Motion. Nothing in this Order precludes Defendant from filing a proper motion under 28 U.S.C. § 2241.

## ORDER

**IT IS ORDERED THAT:** Defendant's Motion to Clarify (Dkt. 156) is DENIED.

DATED: December 4, 2012

_____
B. Lynn Winmill
Chief Judge
United States District Court